UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Javier G.,

Petitioner,

v.

Markwayne Mullin, Secretary, Department of Homeland Security; Todd Blanche, Attorney General; David Venturella, Acting Director, Immigration and Customs Enforcement; David Easterwood, Field Office Director, St. Paul Field Office, ICE; and The Sheriff of Sherburne County, Minnesota in his/her official capacity as the administrator of the Sherburne County Jail,

Respondents.

Civ. No. 26-4100 (PAM/ECW)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Javier G.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1).) Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is citizen of Mexico, who entered the United States unlawfully at an unknown date and time. (Pet. ¶ 10, 16; 1st Decl. of James Vandervaart (Docket No. 13) ¶ 4.) The Department of Homeland Security initiated removal proceedings against Petitioner on January 28, 2026, and issued him a Notice to Appear. (1st Vandervaart Decl. ¶ 5, Ex. A.) On July 9, 2026, Petitioner was ordered removed to Mexico. (Pet. ¶ 23; 1st

Vandervaart Decl. Ex. B.) He did not appeal, and the window to do so lapsed on August 8, 2026. (1st Vandervaart Decl. ¶ 6.) Petitioner claims that he did not know about the order of removal, because his previous counsel did not notify him. (Pet. ¶¶ 22-24.) Petitioner has since moved to reopen his removal proceedings in immigration court. (Id. ¶¶ 31, 34-35.)

On September 17, 2026, Petitioner reported to an Immigration and Customs Enforcement ("ICE") office, as required by his bond demand. (2d Decl. of James Vandervaart (Docket No. 14) ¶ 4.) At 10:40 a.m., ICE issued an I-205 Warrant of Arrest for Petitioner and served it on him at 10:43 a.m. (1st Vandervaart Decl. Exs. C, D.) He was then taken into ICE custody to effectuate his removal from the United States. (Id. Ex. C at 2.) Petitioner remains in ICE Custody at the Sherburne County Jail in Elk River, Minnesota. (Pet. ¶ 10.)

Petitioner filed this Petition on September 22, 2026. On September 23 and 29, 2026, the immigration court denied Petitioner's application for a stay of removal. (1st Vandervaart Decl. Exs. E, F.)

**DISCUSSION**

Petitioner alleges that Respondents lacked a valid warrant to arrest him, that he is owed additional due process and an individualized custody review, and that, alternatively, the Court should order his immediate release. Respondents contend that Petitioner's detention is mandatory.

The law mandates detention of aliens for 90 days after a final order of removal issues. 8 U.S.C. § 1231(a)(2) ("[W]hen an alien is ordered removed, the Attorney General

shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period') . . . :"). Petitioner's removal became administratively final on August 8, 2026. Thus, Petitioner is well within the 90-day removal period where his detention is mandatory.[1] Petitioner's requested relief of release is squarely foreclosed by statute.

Petitioner's remaining arguments fail. His allegations regarding lack of a valid warrant are belied by the record, which clearly demonstrates that ICE issued a warrant for Petitioner before taking him into custody. Additionally, Petitioner is not entitled to individual review of his custody and thus his due process arguments are without merit. Because Petitioner is not entitled to habeas relief, the Court denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**;
2. Because the immigration court has denied Petitioner's application to stay removal, the Court's previous Order (Docket No. 11) enjoining Petitioner's removal from Minnesota is **VACATED**; and
3. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 13, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

---

[1] The removal period may also be extended under certain circumstances not present here. See 8 U.S.C. § 1231(a)(1)(C), (a)(6).